IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA DEMETRIUS BARFIELD,

     Plaintiff,                 No. CIV S 06-2712 DFL EFB P

     vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

     Defendants             <u>ORDER</u>

                                       /

Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Plaintiff must pay the filing fee of $350. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim that defendants J. Castillo, Brad Kamman, Danny Hall, Officer Joseph, Officer Tijero, Officer Jones and Sgt. Smith used excessive force against plaintiff, and that thereafter defendant Doctor Shepperd refused to provide medical treatment for plaintiff's injuries. *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against the Solano County Sheriff's Department.

Plaintiff may proceed forthwith to serve defendants J. Castillo, Brad Kamman, Danny Hall, Officer Joseph, Officer Tijero, Officer Jones, Sgt. Smith and Doctor Shepperd and pursue his claims against only those defendants or he may delay serving any defendant and attempt [again] to state a cognizable claim against the Solano County Sheriff's Department.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the Solano County Sheriff's Department, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants J. Castillo, Brad Kamman, Danny Hall, Officer Joseph, Officer Tijero, Officer Jones, Sgt. Smith and Doctor Shepperd, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants the Solano County Sheriff's Department without prejudice.

Any amended complaint must show that the federal court has jurisdiction, the action is brought in the right place and that plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to

perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified person deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim that a local government is subject to liability for constitutional torts committed by its officials, a plaintiff must allege an individual with final policy making authority acted pursuant to an official policy or custom or failed to act based on a

policy of inaction amounting to the knowing disregard of plaintiff's rights and that plaintiff was harmed thereby. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992). Plaintiff makes no allegations against the Solano county Sheriff's Department or the sheriff. He does not allege that any defendant had any final policy-making authority. Nor does he allege that the deprivations to which he was subjected were in any way part of an official policy or custom. Plaintiff fails to state a claim against the Solano County Sheriff's Department.

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

*v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *Cal. Code Regs. Tit.* 15, § 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants J. Castillo, Brad Kamman, Danny Hall, Officer Joseph, Officer Tijero, Officer Jones, Sgt. Smith and Doctor Shepperd.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against the Solano County Sheriff's Department are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants J. Castillo, Brad Kamman, Danny Hall, Officer Joseph, Officer Tijero, Officer Jones, Sgt. Smith and Doctor Shepperd.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed November 20, 2006, nine USM-285 forms and instructions for service of process on defendants J. Castillo, Brad Kamman, Danny Hall, Officer Joseph, Officer Tijero, Officer Jones, Sgt. Smith and Doctor Shepperd.

1  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of
2  Documents with the completed summons, the completed USM-285 forms, and ten copies of the
3  November 20, 2006, complaint.  The court will transmit them to the United States Marshal for
4  service of process pursuant to Fed. R. Civ. P. 4.  Defendants J. Castillo, Brad Kamman, Danny
5  Hall, Officer Joseph, Officer Tijero, Officer Jones, Sgt. Smith and Doctor Shepperd will be
6  required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.
7  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent
8  to an order dismissing his defective claims against the Solano County Sheriff's Department
9  without prejudice.
10 Dated:   March 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA DEMETRIUS BARFIELD,

        Plaintiff,                  No. CIV S-06-2712 DFL EFB P

    vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.             NOTICE OF SUBMISSION OF DOCUMENTS

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        __1__      completed summons form

        __9__      completed forms USM-285

        __10__    copies of the __November 20, 2006__ Complaint

Dated:

                                                      Plaintiff