IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA DEMETRIUS BAIRFIELD,

        Plaintiff,                    No. 2:06-cv-02712 ALA P

    vs.

SOLANO COUNTY SHERIFFS
DEPARTMENT, et al.,
        Defendants.              ORDER

_____/

      Plaintiff Dana Demetrius Bairfield is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  Mr. Bairfield alleges that his Eighth Amendment rights have been violated because Defendant Officers Castillo, Hall, Joseph, Tijero, Smith, and Janes[1] (collectively "Officer Defendants") used excessive force against him, and that, thereafter, Defendant Dr. Shepard refused to provide medical treatment for his injuries.

      Before this Court are the following motions: (1) Defendants Hall and Joseph's motion for summary judgment filed on September 6, 2007 (Doc. 24); (2) Defendants Castillo, Smith, Janes, and Tijero's motion to dismiss, or alternatively a motion for summary judgment, filed on September 13, 2007 (Doc. 27); (3) Dr. Shepard's motion for summary judgment filed on October 29, 2007 (Doc. 35); and (4) Officer Defendants' motion for summary judgment filed on

---

[1] Officer Janes has been erroneously sued as "Jones."

1

November 20, 2007 (Doc. 39).  As set forth below, Mr. Bairfield failed to exhaust his administrative remedies, therefore, the motion to dismiss is granted, and this case is dismissed without prejudice.

**I**

**A**

At the relevant time, Mr. Bairfield was a maximum security inmate at the Solano County Jail.[2]  Mr. Bairfield alleges that on April 13, 2006, in the process of being moved from one cell to another, Officer Castillo "instigated a false action that lead to all [Officer Defendants] to assault [him]."  Compl. at 5, ¶ IV (Doc. 1).  He also alleges that Dr. Shepard refused him medical treatment.  *Id.* at 4, ¶ III.B.

**B**

Mr. Bairfield filed his complaint in this matter on November 20, 2006.  In his complaint, Mr. Bairfield stated that there was no "grievance procedure available" at his institution.  *Id.* at 4, ¶ II.A.  Mr. Bairfield also stated that he had not "filed a grievance concerning the facts relating to this complaint."  *Id.*, ¶ II.B.  In explaining why he did not file a grievance, Mr. Bairfield stated: "General Rules.  There shall be no appeal of the findings of a hearing officer(s), or the discipline imposed."  *Id.*  Mr. Bairfield signed his complaint under penalty of perjury.  *Id.* at 5.

On May 1, 2007, this Court advised Mr. Bairfield of the following with respect to opposing a motion to dismiss on the ground of failure to exhaust administrative remedies:

> As required by the appellate court in *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby advises plaintiff of the following with respect to opposing a motion to dismiss for failure to exhaust available administrative remedies made under the authority of non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure. Such a motion is a request that the court dismiss without prejudice any unexhausted claims. The moving party may submit affidavits or declarations under penalty of perjury and admissible documents in support of its motion. Plaintiff may file declarations under penalty of perjury and admissible documents in support of his opposition. Plaintiff may rely on his own statements made under penalty of perjury in the complaint if the complaint shows that he has personal knowledge of the matters stated, and plaintiff specifies the parts of the complaint on which he relies. Affidavits or declarations must be sworn to by persons who have personal knowledge of relevant matters. If plaintiff seeks

---

[2]  Mr. Bairfield was transferred to state prison on August 6, 2007, and is serving a five year term.  On December 19, 2007, Mr. Bairfield filed a notice of change of address.  (Doc. 42).

2

> to rely on written records, he must prove that the records are what he asserts them to be. *If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence.* If both sides rely on matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact. If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion. See L.R. 78-230(m). If the court grants defendant's motion, the unexhausted claims will be dismissed without prejudice.

(Doc. 9 at 3) (emphasis added). This Court also advised Mr. Bairfield of the procedures involved in a motion for summary judgment. The Court explained:

> As required by the appellate court in *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-412 (9th Cir. 1988), the court advises plaintiff of the following with respect to opposing a motion for summary judgment under Fed. R. Civ. P. 56: Such a motion is a request that the court grant judgment in defendants' favor without trial. A motion for summary judgment will set forth the facts that defendants assert are not reasonably subject to dispute and that entitle them to judgment under applicable law. To oppose a motion for summary judgment, plaintiff must show proof of his claims. To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which he relies. Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated. Plaintiff may rely on written records, but he must prove they are what he asserts them to be. Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts. If plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion. If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion. *If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion. See L.R. 78-230(m).* If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will be closed.

*Id.* at 4 (emphasis added).

Per this Court's Discovery and Scheduling Order, the discovery cut-off date was September 28, 2007. Any discovery motions were also required to be filed by September 28, 2007. (Doc. 15 at 4). Pretrial motions were due no later than November 23, 2007. *Id.*

On September 6, 2007, Defendants Hall and Joseph filed a motion for summary judgment on the ground that Mr. Bairfield failed to exhaust administrative remedies. (Doc. 24). On September 13, 2007, Defendants Castillo, Smith, Janes, and Tijero filed a motion to dismiss, or alternatively a motion for summary judgment, on the same ground. (Doc. 27). Attached to both

3

motions is a declaration from Correctional Sergeant Rod Marsh, custodian of records for inmate grievances at the Solano County Jail. In his declaration, Sergeant Marsh states that Solano County Jail has a grievance procedure applicable to prisoners for complaints. Attached to his declaration is a copy of an excerpt from Solano County's Custody Policy and Procedures Manual setting forth the grievance process that was in effect when Mr. Bairfield was allegedly assaulted. Marsh Decl. Ex. A (Doc. 24, 27). Also attached to Sergeant Marsh's declaration is a copy of an excerpt from the Inmate Rule Book, which was in effect during the alleged incident, relating to grievances and inmate discipline that is given to the inmates at they time they are housed at the jail. Marsh Decl. Ex. B (Doc. 24, 27). Defendants also ask that we take judicial notice of a complaint that Mr. Bairfield filed in another case in which Mr. Bairfield states that Solano County Jail has a grievance process.[3]

On October 29, 2007, Dr. Shepard filed a motion for summary judgment on the grounds that the undisputed facts showed that Mr. Bairfield did not have a serious medical need, and that Dr. Shepard was not deliberately indifferent to any serious medical need. (Doc. 35). On November 20, 2007, Officer Defendants filed a motion for summary judgment on the grounds that they did not use excessive force and that they are entitled to the defense of qualified immunity. (Doc. 39).

Mr. Bairfield did not respond to any of these motions. On November 21, 2007, this Court gave Mr. Bairfield forty-two days to file a response to the pending motions. (Doc. 39). The deadline for Mr. Bairfield to file a response to the pending motions ran on January 2, 2008.

---

[3] Defendants ask that we take judicial notice of Mr. Bairfield's verified complaint filed in *Bairfield v. Criminal Response Team, et al.*, 2:06-cv-02604-WBS-DAD, on December 4, 2007. (Doc. 24, 27). Defendants request is granted. "[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (citation omitted); *see also* Fed. R. Evid. 210(b) ( "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

On January 3, 2008, Mr. Bairfield filed a two-page response. (Doc. 44). The response is dated "November 27, 2007," and also "12-27-2007."

In the response, Mr. Bairfield contends that he "did write a greivance [sic]." (Doc. 44). He argues that he "wrote many greivances [sic] that has come up missing." Mr. Bairfield states that he is responding to Defendants' motions to dismiss, but does not address the pending motions for summary judgment. *Id.*

## II

### A

In considering a motion to dismiss, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232 (1974) *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183, 190-91 (1984).

### B

Defendants Castillo, Smith, Janes, and Tijero filed a motion to dismiss contending that Mr. Bairfield's claims should be dismissed because he failed to exhaust administrative remedies at Solano County Jail. Mr. Bairfield contends he wrote a grievance.

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Nonexhaustion under § 1997e(a) is an affirmative defense under the PLRA. *Jones v.*

*Bock*, _U.S._, 127 S.Ct. 910, 921 (2007).  Defendants have the burden of raising and proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119.  A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion.  *Id*.  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  *Id*. at 1119-20.  "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."  *Id*. at 1120.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Woodford v. Ngo*, 548 U.S. 81, _, 126 S.Ct. 2378, 2382 (2006).  However, a prisoner need not continue to pursue administrative remedies if "there is no further possibility that corrective action will be taken in response to [the] grievance."  *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005) (internal quotation marks omitted).

The Ninth Circuit has held that "there can be no 'absence of exhaustion' unless some relief remains 'available,' [and] a defendant must demonstrate that pertinent relief remained available."  *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005) (citing *Brown v. Croak*, 312 F.3d 109, 112, 113 (3d Cir. 2002) (holding that because failure to exhaust is an affirmative defense under the PLRA, a complaint cannot be dismissed where the prisoner submits evidence showing, and the defendants do not disprove, that no remedy was available).

Here, the Defendant Officers have demonstrated that a grievance procedure existed at Solano County Jail at the time of the alleged incident.  Marsh Decl. Exs. A, B (Doc. 24, 27).  There is a fact in dispute as to whether Mr. Bairfield filed a greivance concerning the alleged incident.  Mr. Bairfield admits in his verified complaint that he did not file a grievance concerning the alleged incident.  Compl. at 5, ¶ III.B (Doc. 1).  *See Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) (explaining that verified pleadings are treated as affidavits if the

facts asserted are within the pleader's personal knowledge).[4] Mr. Bairfield, however, contradicts himself by stating in his response to the motion that he filed grievances which he cannot now locate. He does not support this assertion with any evidence, nor does he specify what grievance was filed regarding the specific incident alleged. Moreover, Mr. Bairfield's response to the motion is not verified, and, thus his assertion alone cannot be considered admissible evidence.[5] *See, e.g., Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir.1998) (holding a *pro se* prisoner's verified motion admissible to oppose summary judgment motion).

Defendants, however, have submitted admissible evidence that Mr. Bairfield did not file a grievance concerning the alleged incident. Mr. Bairfield has introduced conflicting evidence regarding whether he submitted a grievance or whether the grievance procedure was available. Pursuant to *Wyatt*, this Court resolves this disputed issue of fact against Mr. Bairfield. *Wyatt*, 315 F.3d at 1119-20. Therefore, the admissible evidence demonstrates that Mr. Bairfield failed to file a greivance concerning his claims.

Pursuant to *Wyatt*, this Court advised Mr. Bairfield that it would dismiss any unexhausted claims. (Doc . 9 at 3 citing *Wyatt*, 315 F.3d at 1120, n.14). This Court also advised Mr. Bairfield that it would rely on Defendants' evidence if he failed to contradict it with admissible evidence. *Id.* The motion to dismiss for failure to exhaust administrative remedies is, therefore, granted.

---

[4] In his complaint, Mr. Bairfield states that he did not file a grievance because the "General Rules" provide that "[t]here shall be no appeal of the findings of a hearing officer(s), or the discipline imposed." Compl. at 4, ¶ II (Doc. 1). The provision of the rules to which he cites provides that there shall be no appeal for discipline imposed on an inmate. Here, however, his complaint concerns excessive force and failure to provide medical care, not discipline for an infraction of the rules. Therefore, Mr. Bairfield was required to exhaust administrative remedies. Marsh Decl. Exs. A, B (Doc. 24, 27).

[5] In his response, Mr. Bairfield asserts that the "Solano County Sheriffs Department" has a "video tape of the whole violation" and asks that "Defendant supervisors to produce the greivance [sic] and video tape of this crime." To the extent that this is a request for the production of discovery, the time to file such a request has expired. *See* Discovery & Scheduling Order (Doc. 15 at 4) (setting forth the discovery cut-off date as September 28, 2007).

**III**

Because the motion to dismiss is granted, all other pending motions are denied as moot. *See, e.g., Freeman v. DirectTV, Inc.*, 457 F.3d, 1001, 1003 (9th Cir. 2006) (affirming ruling where district court granted a "motion to dismiss and ruled that the motion for summary judgment was, therefore, moot").

/////

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss or, alternatively, for summary judgment (Doc. 27) is granted.
2. All other pending motions are denied as moot.
3. The case is dismissed without prejudice.

DATED: February 27, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation